**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **Lance White**, | |
| Plaintiff, | Case No. |
| v. | |
| **Navient Solutions, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Lance White** (Plaintiff), by and through his attorneys, **Kurz Law Group, LLC** alleges the following against **Navient Solutions, Inc.** (Defendant):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Georgia and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Georgia.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Douglasville, Georgia 30135.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 123 Justison Street, Wilmington, Delaware 19801.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number.

11.     Plaintiff has only used this phone number as a cellular telephone.

12.     Beginning in or around November of 2015 continuing through in or around April of 2018, Defendant repeatedly called Plaintiff on his cellular telephone in connection with his student loans.

13.     Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14.     Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

15.     Plaintiff received voicemails from Defendant with a prerecorded or automatically-generated voice.

16.     Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

17.     In or around January of 2016, Plaintiff told Defendant he did not wish to be contacted.

18.     On subsequent calls through April of 2018, Plaintiff repeated his instruction to Defendant not to call when he spoke to Defendant's representative, Heather.

19.     Defendant heard and acknowledged Plaintiff's instruction to stop calling.

20.     Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

21.     Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff approximately every day through to April of 2018.

22.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

**COUNT I**
**DEFENDANT VIOLATED THE TCPA**

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

25.     Defendant initiated repeated calls to Plaintiff's cellular telephone.

26.     Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

27.     Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

3

28.     Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

29.     Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

30.     The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

31.     When Defendant called Plaintiff from around November of 2015 through around April of 2018, it knew no later than Plaintiff's instruction to stop calling in January of 2016 that it did not have prior express consent to call Plaintiff.

32.     When Defendant called Plaintiff from around November of 2015 through around April of 2018, it knew it was placing calls to a cellular telephone.

33.     Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

34.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.


**Wherefore**, Plaintiff, **Lance White**, respectfully prays for judgment as follows:

a.      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

4

    c.        Treble damages of $1,500.00 per violative telephone call (as provided under

47 U.S.C. § 227(b)(3));

    d.        Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e.        Any other relief this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**Please take notice** that Plaintiff, **Lance White**, demands a jury trial in this case.

Dated: 10/31/18               Respectfully submitted,

By: <u>/s/ Dennis R. Kurz</u>
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Ferry Road
Building 17, Suite 200
Marietta, GA 30067
Phone: (678) 264-8003
Fax: (855) 438-5879
dennis@kurzlawgroup.com
**Attorney for Plaintiff**

5

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.


Dated: 10/31/18                    Respectfully submitted,

                                   By:  /s/ Dennis R. Kurz
                                   Dennis R. Kurz, Esq.
                                   Georgia Bar No.: 430489
                                   Kurz Law Group, LLC
                                   1640 Power Ferry Road
                                   Building 17, Suite 200
                                   Marietta, GA 30067
                                   Phone: (678) 264-8003
                                   Fax: (678) 245-6805
                                   dennis@kurzlawgroup.com
                                   **Attorney for Plaintiff**